Pearson, J.
 

 In February 1841, tbe plaintiff bought of tbe defendant, Gaitber, a tract of land, for which he gave bis note payable twelve months after date, for $113* 50. In July 1841, Gaitber, by an instrument in writing, transferred tbe note to the other defendant, Turner, as security for tbe amount which Gaitber then owed Turner, and for tbe amount that Turner was was liable for, as tbe security of Gaitber.
 

 In October 1847, Gaitber regularly assigned tbe note to Turner in satisfaction of tbe amounts then due. After tbe maturity of tbe note, Turner as endorsee, tool#a judgment against tbe plaintiff.
 

 The bill is filed to enjoin tbe collection of this judgment, upon tbe allegation that at tbe time of tbe execution of tbe note, there was an agreement between tbe plaintiff and Gai-tber, that tbe plaintiff should pay off such debts of Gaitber as he might find it convenient to discharge, and “take up” before the note fell due, for which be was to be allowed a credit upon the note; that tbe plaintiff, in pursuance of this agreement, paid off several debts due by Gaitber, which, added to tbe amount due to the plaintiff, for articles sold and delivered, equalled tbe amount of tbe note, and that tbe defendant, Turner, at tbe time he took tbe note in pledge, and at tbe date of tbe endorsement, bad-full notice.
 

 Gaitber denies that there was any such agreement at tbe time tbe note was executed, but admits that sometime after-wards, he did agree to allow tbe plaintiff credit on bis note for
 
 *81
 
 any debts that be might “ take up,” or for any articles that he might furnish over and above whát Gaither should be entitled to as hire for his work, and for boarding the hands of plaintiff, which was estimated at $30 per month. Turner aligues that when Gaither pledged the note to him, Gaither owed him a large amount; and besides, he was liable as Gaither’s security, and to induce him to make the pledge and enter into the instrument of writing, transferring the note for that purpose, he , then advanced for him the additional sum of $50. He avers that at this time, he had no notice of any claim upon the note on the part of the plaintiff: he admits that he afterwards heard that the plaintiff set up a claim to be allowed certain amounts by way of set-off to the note, and that he then took an endorsement of the note for his protection, having agreed with Gaither, to take it in satisfaction of what was due to- him, which, upon settlement, exceeded the amount of the note, by some five dollars. Upon the pleadings and proofs, it is left doubtful whether the agreement between the plaintiff and Gaither was mutually binding, so that the plaintiff was under any legal obligation to take up debts of Gaither, unless he might see proper to do so. If there was this want of mutuality, very clearly the plaintiff had no equity which attached to the note until he actually paid off the several debts, which he did, for the greater part, after the note was pledged to the defendant, Turner. The absence of an endorsement to this effect, tends strongly to show that the arrangemet was one of which the plaintiff was at liberty to avail himself, or not as he saw proper. We are not, however, called upon to decide this question, because it is clearly proven that 'besides what was then due to Turner by Gaither, and the amount for which he went Gaither’s security, Turner did, at the time, make an advancement of the additional sum of $50, as a consideration to induce Gaither to pledge the note. The evidence does not sustain the allegation that Turner had notice of the plaintiff’ equity, so as to weigh down the positive denial of the answer: consequently, Turner, when he took the note in pledge, acquired an equity equal to the supposed equity of the plaintiff, it is familiar learning that one who has, without»notice acquired
 
 *82
 
 an equity, may afterwards protect it by acquiring tbe legal title. Tbe latter purchaser or
 
 mowmbra/ne&r-m
 
 payment of bis money, becomes an bonest claimant in equity, and is entitled, if be caiy to protect bis claim; be is not bound to look for protection untit be bas ascertained that danger exists. Adams 330, (162).
 

 Tbe payment of tbe $50 makes it unnecessary to enter into tbe questions, bow far a security, taken for an
 
 existmg debt,
 
 is entitled to tbe protection given in Equity to conveyances for valuable considerations.
 
 Holderby
 
 v. Blum, 2 Dev. and Bat. Eq. 51, was relied on intbe argument for tbe plaintiff.
 
 Reddick
 
 v.
 
 Jones,
 
 6 Ire. 109
 
 Ingram
 
 v.
 
 Kirkpatrick,
 
 6 Ire. Eq. 463, have been called to our attention as seemingly contra.
 

 Bill dismissed.